Lanzinger, J.,
concurring.
{¶ 31} I concur in judgment, but would explicitly adopt a discovery rule. In my view, the definition of the word “discharge” in the statute implies that the employee will know of the termination of employment. The employment relationship is not one-sided, and as the majority opinion notes, it is not difficult for the employer to notify its employee that his or her services are no longer needed. Face-to-face notification obviously is unnecessary, for certified mail will provide adequate proof of the fact of discharge.
{¶ 32} There is no need to establish a “limited exception” to a general rule as the majority does here. The standard adopted in other discovery cases, “knew or should have known,” should apply here, and the time limits in R.C. 4123.90 should not begin to run until the employee knows or should have known, that is, is notified, of the discharge.